**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

FINANCIAL NETWORK INVESTMENT
CORP.; et al.,

             Petitioners-Appellees,

   v.

KAYVAN KAROON and KAROON
CAPITAL MARKETS, INC.,

             Respondents-Appellants.

---

No. 11-56672

D.C. No. 2:10-cv-09844-DSF
(JCGx)

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued[**] and Submitted August 8, 2013
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and GEORGE, Senior
District Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   Despite our grant of appellants' counsel's belated request to appear
telephonically for oral argument, counsel could not be reached for the hearing at
the number provided.

[***]   The Honorable Lloyd D. George, Senior District Judge for the U.S. District
Court for the District of Nevada, sitting by designation.

Kayvan Karoon and Karoon Capital Markets, Inc., ("KCM") (collectively "Karoon") appeal the district court's confirmation of a Financial Industry Regulatory Authority arbitration panel (the "panel") award in favor of Financial Network Investment Corp., ING Advisors Network, Jack Handy, and Albert Johnson (collectively "FNIC"), and its dismissal of Karoon's petition to vacate the award. The panel originally awarded $565,063.83 in favor of FNIC, and $65,000 in favor of Karoon. On remand by the district court, the panel offset the two awards for an amended award of $500,063.83 in favor of FNIC.[1]

We review the district court's confirmation of the panel's award *de novo*. *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009). However, our review of the actual award is "both limited and highly deferential," and "[w]e must affirm an order to confirm an arbitration award unless it can be vacated, modified, or corrected as prescribed by the [Federal Arbitration Act ("FAA")]." *Schoenduve Corp. v. Lucent Technologies, Inc.*, 442 F.3d 727, 730, 731 (9th Cir. 2006). A federal court may vacate an award if the arbitrator exceeds his powers in rendering

---

[1]   Karoon himself filed for Chapter 7 bankruptcy in New Jersey in 2011 and was discharged on April 16, 2013. While the discharge would appear to moot his appeal of the monetary awards against him, because this matter involves multiple parties and the setoff of claims among the various parties, we proceed with our review.

such an award, and "arbitrators exceed their powers in this regard . . . when the award is completely irrational, or exhibits a manifest disregard of law." *Id*. at 731 (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc)).

In this context, "'[m]anifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (quoting *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995)). Rather, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Id*. (quoting *Mich. Mut. Ins. Co.*, 44 F.3d at 832). An award is completely irrational "only 'where the arbitration decision fails to draw its essence from the agreement.'" *Lagstein*, 607 F.3d at 642 (quoting *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1281 (9th Cir. 2009)). An arbitration award "draws its essence from the agreement if the award is derived from the agreement, viewed in the light of the agreement's language and context, as well as other indications of the parties' intentions." *Lagstein*, 607 F.3d at 642 (quoting *Bosack*, 586 F.3d at 1106). We conclude that Karoon has established neither manifest disregard of law nor complete irrationality.

3

In this appeal, Karoon attempts to relitigate the merits of his claims and defenses. He fails, however, to point out how the arbitrators recognized the law but chose to ignore it, or how the award is untethered from the parties' agreements.[2] While Karoon focuses on the factual substance of his claims, "[w]hether or not the panel's findings are supported by the evidence in the record is beyond the scope of our review." *Lagstein*, 607 F.3d at 642 (quoting *Bosack*, 586 F.3d at 1105).

Karoon also argues that the district court erred in failing to find that the panel should have awarded punitive damages against FNIC. Karoon asserts that the panel found that FNIC had maliciously defamed Karoon when it ordered expunged certain information in the form U-5s that FNIC filed about Karoon based on "the defamatory nature of the information." However, the panel made no finding of maliciousness or defamation by FNIC.

**AFFIRMED.**

---

[2]    At one point, Karoon argues that the panel's failure to find that Karoon himself and KCM were distinct entities and not subject to joint liability was "irrational and contrary to law" for purposes of the setoff made by the amended award. Even if this argument did not misconstrue the law as it regards our review of an award confirmation, as the district court found below, there is no basis to conclude that the inclusion of KCM was a clerical error, and the panel could have reasonably concluded from the petition that KCM had no separate existence from Karoon himself.

4